UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04437-CAS-VBKx | Date | July 11, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA NATIONAL ASSOCIATION V. ELEDA LUTHER ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| N/A | | N/A | |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On February 24, 2014, plaintiff Bank of America National Association filed this unlawful detainer action against defendants Eleda Luther and Mark Luther in Los Angeles County Superior Court. Bruno Bruhwiler, alleging that he is a tenant with a fixed term lease on the property at issue, removed the case to this Court on June 9, 2014. Bruhwiler asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1. Bruhwiler is not a named defendant in this action, although the complaint refers to several "Doe" defendants.

As an initial matter, the notice of removal appears to be defective because not all defendants have joined in the removal. Specifically, the notice of removal contains no indication that defendants Eleda Luter or Mark Luther join in the removal. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) (noting that "the usual rule is that all defendants in an action in a state court must join in a petition for removal").

Moreover, it appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04437-CAS-VBKx | Date | July 11, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA NATIONAL ASSOCIATION V. ELEDA LUTHER ET AL. | | |

Cir. 2007).  Here, the only claim asserted by plaintiff is for unlawful detainer against defendants.  See Dkt. 1.  Defendant Bruhwiler cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as he attempt to do here.  See Dkt. 1; McAtee, 479 F.3d at 1145.  Similarly, the fact that the "Notice to Quit" appended to the Notice of Removal, see Dkt. 1, Ex. B, refers to the "Protecting Tenants at Foreclosure Act," 12 U.S.C. § 5201, et seq., does not convert an unlawful detainer action into a federal claim.

Accordingly, defendants are hereby ORDERED TO SHOW CAUSE, in writing, on or before **July 25, 2014,** why this case should not be remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | IM |  |