UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04437-CAS-VBKx | Date | August 5, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA NATIONAL ASSOCIATION V. ELEDA LUTHER ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| N/A | | N/A | |

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT (JS-6)

On February 24, 2014, plaintiff Bank of America National Association filed this unlawful detainer action against defendants Eleda Luther and Mark Luther in Los Angeles County Superior Court. Bruno Bruhwiler, alleging that he is a tenant with a fixed term lease on the property at issue, removed the case to this Court on June 9, 2014. Bruhwiler asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1. Bruhwiler is not a named defendant in this action, although the complaint refers to several "Doe" defendants. On July 11, 2014, this Court issued an order to show cause on or before July 25, 2014, why this action should not be remanded for lack of subject matter jurisdiction. Dkt. #6. To date, no response to that order has been filed.

The Court concludes that this action should be remanded to Los Angeles County Superior Court, for the reasons stated in the order to show cause. As an initial matter, the notice of removal appears to be defective because not all defendants have joined in the removal. Specifically, the notice of removal contains no indication that defendants Eleda Luter or Mark Luther join in the removal. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) (noting that "the usual rule is that all defendants in an action in a state court must join in a petition for removal").

Moreover, it appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04437-CAS-VBKx | Date | August 5, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA NATIONAL ASSOCIATION V. ELEDA LUTHER ET AL. | | |

unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. 1. Defendant Bruhwiler cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as he attempt to do here. See Dkt. 1; McAtee, 479 F.3d at 1145. Similarly, the fact that the "Notice to Quit" appended to the Notice of Removal, see Dkt. 1, Ex. B, refers to the "Protecting Tenants at Foreclosure Act," 12 U.S.C. § 5201, et seq., does not convert an unlawful detainer action into a federal claim.

Accordingly, this action is hereby REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | RGN |